**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 21-60032-CIV-ALTMAN/HUNT**

OSCAR DONADO,
and LUZ DONADO,

                      Plaintiffs,

vs.

SCOTTSDALE INSURANCE CO.,

                      Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiffs' Renewed Verified Motion for Determination of Entitlement to and Award of Reasonable Attorneys' Fees and Costs, ECF No. 24.  The Honorable Roy. K. Altman, United States District Judge, referred this Motion to the undersigned for a Report and Recommendation.  ECF No. 17; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. The undersigned, having carefully reviewed the pleadings, the record in this case, and applicable law and being otherwise fully advised in the premises, respectfully RECOMMENDS the Motion be DENIED for the reasons set out below.

### I.    Background

Both Parties agree that Plaintiffs were insured by Defendant for a surplus policy of homeowner's insurance on their Hollywood, Florida home.  On or about March 12, 2020, Plaintiffs experienced a sewage discharge at their home.  Plaintiffs promptly reported the discharge, and an adjuster inspected the property on March 17, 2020.

Plaintiffs' counsel then contacted Defendant at least four times, on March 18, 2020, April 8, 2020, May 12, 2020, and May 21, 2020, attempting to determine the status and

coverage for Plaintiffs' claim. Plaintiffs filed the current suit, initially alleging breach of contract, in Florida state court on May 21, 2020. Plaintiffs amended their complaint, this time seeking a declaratory judgment, in August 2020 following a motion to dismiss by Defendant. After the state court denied Defendant's motion to dismiss the amended complaint, Defendant on January 7, 2021, sought to remove the case to this Court. Following a January 20, 2021 status conference, the Parties engaged in an informal settlement conference and on January 26, 2021, filed a Notice of Settlement.

Plaintiffs now seek attorneys' fees of $16,005 and $451 in costs, pursuant to Fla. Stats. §§ 626.9373[1] and 57.041, as well as Fed. R. Civ. Pro. 54(d).

## II. Analysis

Fla Stat. § 626.9373 states in pertinent part[2] that

(1) Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court, or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.

---

[1] Fla. Stat. § 626.9373 was amended on July 1, 2021, to add the line "In a suit arising under a residential or commercial property insurance policy not brought by an assignee, the amount of reasonable attorney fees shall be awarded only as provided in § 57.105 or § 627.70152, as applicable." The Parties have indicated that they do not believe the amendments affect this Court's analysis, and the undersigned agrees.

[2] Plaintiffs rely on case law applicable to both § 627.428 and § 626.9373. As to that, "we agree as the only difference between the two statutes is that § 627.428 applies generically to insurers whereas § 626.9373 applies to surplus line insurance carriers." *Capitol Specialty Ins. Corp. v. Ortiz*, No. 17-23329-CIV-SCOLA/TORRES, 2019 WL 383868, at *3 (S.D. Fla. Jan. 15, 2019), *report and recommendation adopted sub nom. Capitol Specialty Ins. Corp. v. Ortiz by & Through Corona*, No. 17-23329-CIV-SCOLA, 2019 WL 367916 (S.D. Fla. Jan. 30, 2019).

Plaintiffs argue that, having sued their insurer and received a settlement, they are entitled to fees. As Plaintiffs point out, a settlement may entitle an insured to her attorney's fees. *See, e.g., Wollard v. Lloyd's and Companies of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983) ("When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured. . ."). Plaintiffs argue that Defendant ultimately, ten months after the initial claim and following litigation, agreed to settle for only $100 less than the amount initially requested by Plaintiffs, thus entitling Plaintiffs to an award of fees and costs.

Defendant responds by arguing that Plaintiffs, by filing suit a mere seventy (70) days after making their initial claim, well before Defendant had made a coverage determination, and well before Defendant was required to make such a determination, were premature in filing their lawsuit, and therefore are entitled to neither fees nor costs. Defendant makes a second, related argument that Plaintiffs were, in essence, seeking an advisory opinion by filing a declaratory judgment in a situation where no such determination could be made, as no bona fide dispute existed prior to Defendant's coverage determination. Given that there was no actual case or controversy prior to a coverage determination, Defendant argues, this Court lacks subject matter jurisdiction over the issue.

As for the issue of subject matter jurisdiction, the undersigned notes that it appears a court may nonetheless retain jurisdiction to decide a fees issue under § 626.9373 even when the case itself is dismissed for a lack of subject matter jurisdiction. *See, e.g., Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, No. 20-62089-CIV-ALTMAN/HUNT,

3

2021 WL 4976228, at *2 (S.D. Fla. July 12, 2021), *report and recommendation adopted*, No. 20-62089-CIV-ALTMAN/HUNT, 2021 WL 4472081 (S.D. Fla. Sept. 30, 2021) (finding a dismissal without prejudice for lack of subject matter jurisdiction against an insurance plaintiff can trigger the application of § 626.9373 for a defendant) (citing cases). However, even were this Court to find it lacked subject matter jurisdiction and send the case back to state court, as Plaintiffs suggest would be required, it would unlikely be of any benefit to Plaintiffs.

It is true that "Florida law provides for an award of reasonable attorney's fees when an insured obtains a 'judgment or decree' in a suit against a surplus lines insurer." *Nix v. Kinsale Ins. Co.*, 540 F. Supp. 3d 1089, 1092 (N.D. Fla. 2021) (citing Fla. Stat. § 626.9373(1)). "The purpose of this statute is to 'place the insured ... in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney's fees.'" *Id*. (quoting *Maloy v. Scottsdale Ins. Co.*, 376 F. Supp. 3d 1249, 1253 (M.D. Fla. 2019). However, "the insured is entitled to attorney's fees only if the insurer incorrectly denies benefits due to the insured under the insurance policy." *Id.* (citing *Johnson v. Omega Ins. Co.*, 200 So. 3d 1207, 1219 (Fla. 2016)). This is because "the right to fees is dependent on whether filing suit served a 'legitimate purpose,' such as resolving a dispute or forcing the insurer to comply with the contract." *Molina v. Scottsdale Ins*. Co., No. 18-24886-CIV-SCOLA/TORRES, 2019 WL 3429911, at *2 (S.D. Fla. June 10, 2019), *report and recommendation adopted*, No. 18-24886-CIV-SCOLA/TORRES, 2019 WL 3425938 (S.D. Fla. June 25, 2019) (citing *Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1081-82 (Fla. 4th DCA 2009)). "[I]f the insured 'races to the courthouse' without giving

the insurer a chance to complete the claims adjusting process, then there has not been an incorrect denial of benefits and the insured is not entitled to fees." *Nix*, 540 F. Supp. at 1092 (citing *J.P.F.D. Inv. Corp.*, 769 F. App'x 698, 706 (11th Cir. 2019)).

As the *Nix* Court succinctly put it, "unless there has been a breakdown in the claims adjusting process or the insurer is taking an inordinate amount of time to complete the process, the insureds must let the process—which they are contractually bound by under the insurance policy—play out before filing suit." *Id.* at 1092-93 (citing *Hill v. State Farm Fla. Ins. Co.*, 35 So.3d 956, 960 (Fla. 2d DCA 2010)).

Plaintiffs state that the contract with the insurance company was vague and acknowledged a requirement to pay for losses either twenty or sixty days after receiving a proof of loss, but, unlike in their previous motion, do not develop this argument in any way and appear to have abandoned it. Instead, they now rely on unanswered emails to justify their lawsuit, as well as Defendant's willingness to engage the litigation rather than issuing a coverage decision after Plaintiffs filed their complaint. Indeed, Plaintiffs strenuously argue that communications between the insurer and the insured had broken down, and that Defendant could have settled the claim – as it ultimately did – at any point during the litigation process.

Plaintiffs cannot, however, get around the fact that they simply did not let the process play out before filing suit. Defendant contends, credibly, that it was still in the process of adjusting the claim when the suit was filed. Plaintiffs argue that it "took almost a year of litigation, in two (2) courts, for defendant to pay and confess judgment," but fail to reckon with the fact that, had they let the claims process play out, they may have accomplished the same thing in much less time. It was Plaintiffs that filed suit against

Defendant, forcing it to respond and undoubtedly lengthening the process significantly. Plaintiffs do not argue that that Defendant breached the contract by missing a deadline. Instead, Plaintiffs argue that Defendant breached the contract by not responding to Plaintiffs' emails.  While it may be true, and Plaintiffs state, that "[D]efendant did not respond to plaintiffs' inquiries, never conveyed a coverage determination and never paid the claim, until after suit was filed," the simple fact is that Plaintiff did not give Defendant a reasonable amount of time to make a determination, and indeed likely hindered the process by prematurely filing suit.  As in *Nix*, "[t]he timeline in this case does not indicate a breakdown of the claims adjusting process or improper 'foot dragging' by Defendant that would justify the filing of a lawsuit to resolve the claim." *Nix*, 540 F. Supp. 3d at 1093. As such, an award of fees is inappropriate in this case, and the Court, in its discretion,[3] should likewise for these reasons decline to award costs under Fed. R. Civ. P. 54(d).  *Id.*

### III.     Recommendation

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Plaintiffs' Renewed Verified Motion for Determination of Entitlement to and Award of Reasonable Attorneys' Fees and Costs, ECF No. 24, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C.

---

[3]     "[Fed. R. Civ. Pro] 54(d) 'is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.'" *Friends of Everglades v. S. Fla. Water Mgmt. Dist.,* 865 F. Supp. 2d 1159, 1165 (S.D. Fla. 2011) (quoting *Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 440, (1987)).

§636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 7th day of June 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All counsel of record